IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PRINTFLY CORPORATION** <br> 2727 Commerce Way <br> Philadelphia, PA 19154 <br><br> Plaintiff, <br><br> v. <br><br> **JWT PRODUCTIONS, INC.** <br> **d/b/a THREAD LOGIC** <br> 16775 Greystone Ln <br> Jordan, MN 55352-8329 <br><br> Defendant. | Civil Action <br><br> No. |

## COMPLAINT

**AND NOW**, Comes, Plaintiff Printfly Corporation ("Printfly" or the "Plaintiff") by and through its undersigned counsel, Kaminsky Law, LLC, and hereby avers as follows in its Complaint against Defendant JWT Productions, Inc. d/b/a Thread Logic ("Defendant" or "Thread Logic"):

### I.   SUMMARY

1. Plaintiff is an e-commerce company that owns and operates the website www.rushordertees.com ("ROT website"). Through the ROT website, customers can create and order custom-designed apparel and other promotional products (collectively "ROT products").

2. Plaintiff has expended substantial resources developing, marketing, and promoting its products and services under the trademark "Rush Order Tees" (the "ROT trademark" as defined more fully below). At all times material hereto, Printfly has developed a reputation for its creative and innovative website, for its original user interface and experience, for the quality of its custom printing, and customer service. The ROT website appears in search engines as a top

1

retailer and has shipped tens of millions of units of various ROT products since its inception. As a result, the ROT trademark has become synonymous with ROT's high-quality custom-designed products and related services and Plaintiff has built its business and developed significant goodwill in the ROT website and the ROT trademark.

3. Defendant is an e-commerce company that operates the website www.threadlogic.com (the "Thread Logic website") and is a competitor of Printfly in the custom apparel and promotional product marketplace.

4. As detailed more fully below, Defendant has unlawfully traded on the ROT trademark by bidding on the "Rush Order Tees" trademark with advertising that infringes on the ROT trademark in a blatant effort to cause customer confusion and profit on the goodwill developed by Printfly in the industry.

5. Defendant is engaging in such conduct to improperly trade-off of the extensive goodwill Plaintiff has developed in the ROT trademark and deceptively and falsely trading-off of Plaintiff's name, to increase its market share in the custom apparel and promotional products marketplace by purposefully confusing consumers searching for Plaintiff's company and Plaintiff's products and/or the ROT website misdirecting them to the Thread Logic website.

6. Upon information and belief, the same was done knowingly, purposefully, and intentionally to unlawfully generate substantial revenue for Defendant, at the expense of and by trading off of the ROT trademark, other well-known trademarks, and the goodwill developed therein.

7. Such conduct has caused ROT to incur substantial financial expenditures and losses as a result of Defendant's actions.

8. Accordingly, Plaintiff brings this action for Defendant's infringement of the ROT

trademark in violation of 15 U.S.C. § 1114; unfair competition and false designation of origin in violation of 15 U.S.C. § 1125; false and deceptive advertising in violation of 15 U.S.C. § 1125; trademark infringement under the common law of Pennsylvania; and deceptive or misleading advertising and practices in violation of the statutory law of Pennsylvania.

## II.     THE PARTIES

9. Plaintiff, Printfly Corporation ("Printfly" or "Plaintiff") is a Pennsylvania Corporation with its principal place of business located at 2727 Commerce Way, Philadelphia, PA 19154.

10. Defendant JWT Productions, Inc. d/b/a Thread Logic ("Thread Logic" or "Defendant") is a Minnesota Corporation with a registered address 16775 Greystone Ln, Jordan, MN 55352-8329.

## III.     JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to 28 U.S.C. § 1331 and over remaining claims under 28 U.S.C. §§ 1338(b) and 1367(a).

12. Further, this Court has subject matter jurisdiction as the amount in controversy exceeds $75,000 and the parties are citizens of different States.

13. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed themselves of the benefits of this forum by, among other things, engaging in substantial, continuous and systematic activities within this district. Defendant maintains and operates an interactive e-commerce website—the Thread Logic website—through which Defendant, regularly transacts business with consumers located within this district, and Defendant's direct search engine advertisements for its services to consumers located within this district. Furthermore, Defendant has directed its unlawful conduct at Plaintiff, which is domiciled

3

in this district.

14.     By way of limited example only, through its agents, Plaintiff ordered items from the Thread Logic website, Order Number: 220081 and that order were all entered into with individuals residing in this district and were mailed to those customers in this district. *See* Order Confirmation attached hereto as **Exhibit A** (personal information redacted).

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff is located in this district, Defendant's harm is directed to this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

### IV.     FACTS RELATED TO ALL COUNTS

16.     As set forth in the summary above, Printfly is a Philadelphia-based company that engages in the e-commerce sale of custom apparel and promotional products on the ROT website, www.rushordertees.com.

17.     Printfly owns the incontestable federal trademark for the term "Rush Order Tees" registered with the United States Trademark Principal Register as U.S. Serial Number: 87698543 and U.S. Registration Number: 5589059. A true and correct copy of the publicly available registration data for the ROT trademark is attached hereto as **Exhibit B**.

18.     At all times material hereto, ROT has been continuously marketing, promoting, and selling its products and related services on the ROT website, under the ROT trademark, and the ROT trademark is among ROT's most important assets.

19.     As a result of these efforts, the significant resources ROT has devoted to promoting its products and related services under the ROT trademark, and ROT's high-quality products and services offered under the ROT trademark, the ROT trademark has achieved strong consumer recognition.

20. Thread Logic is a competitor of Printfly in the e-commerce sale of custom apparel and promotional products and provides products and services that are similar to those of Printfly.

21. Upon information and belief, at all times relevant hereto, Defendant has had actual and constructive knowledge about Printfly's exclusive right to its trademark and intellectual property but have disregarded the same as detailed more fully below.

**Defendant's Trademark Infringement**

22. At all times material hereto, Defendant intentionally and prominently used the trademarked term "Rush Order Tees" in the headings and text of multiple paid search engine advertisements, in a manner intended to misdirect consumers searching for the ROT website to the Thread Logic website See limited sample below:







rushordertees

All   Shopping   Images   Videos   News   Forums   Web   More ▾

Results for **Holland, PA 18966**    ◉ Use precise location

Sponsored

Rush Order Tees
https://www.rushordertees.com

**RushOrderTees.com**

Fast, Custom T-Shirts — **RushOrderTees** Is The Fastest Way to Get Your Custom Apparel Delivered - 99.9% On-Time Rate. Get Quality Custom T-Shirts. Design Your Own Apparel. Get Started in Our Design...

**Our Full Catalog**
Choose from t-shirts, tanks, hats, sweatshirts, athleticwear & more.

**Retrieve a saved design**
Make Changes To Your Existing Design Or Complete Your Order.

**Custom Embroidery**
Get Shirts, Hats & More Fast. See Product Examples

**More Design Ideas**
Choose from our most popular art Easily customize our best designs

Sponsored

Thread Logic
https://www.threadlogic.com › custom › embroidery

**Shop Rushordertees**

Top Rated For A Reason — Find **Rushordertees** Now. Shop Custom Embroidery - Upload Your Logo And Order Now.



Sponsored

Thread Logic
https://www.threadlogic.com › custom › embroidery

**Thread Logic® Official Store - Shop Rushordertees**

Find **Rushordertees** Now. Shop Custom Embroidery - Upload Your Logo And...



📞 Call us

23. Defendant's prominent and lead use of the term "Rush Order Tees" in the headings of its paid search engine advertisements, as shown above, in many instances appeared directly above Printfly's own paid search engine advertisements and/or links to the ROT website - is intended to misdirect consumers in search of the ROT website (and who actually searched for the term "Rush Order Tees") to the Thread Logic website and otherwise create the false and erroneous impression that the products and services provided by Defendant through the Thread Logic website have been approved, sponsored and/or endorsed by Printfly, ship from Philadelphia (where Printfly is headquartered), or are in some way connected or affiliated with Printfly and/or the ROT website. See limited sample below:




## COUNT I
## TRADEMARK INFRINGEMENT – LANHAM ACT 15 U.S.C. § 1114
## PLAINTIFF v. DEFENDANT

24. Plaintiff hereby incorporates by reference all paragraphs as though set forth fully at length herein.

25. Plaintiff owns the federal trademark registration for the ROT trademark.

26. Plaintiff has marketed, advertised, and promoted its products and services under the ROT trademark and as a result of this marketing, advertising, and promotion, the ROT trademark is understood to signify the products and services of ROT, and are the means by which those

8

products and services are distinguished from those of others in the same and related fields.

27. At all relevant times herein, Defendant has had actual and constructive knowledge and notice of the ROT trademark.

28. The activities of Defendant described herein have caused and are likely to continue to cause confusion, deception, and mistake by creating a false and erroneous impression that the products and services provided, offered, advertised, and marketed by Defendant through the Thread Logic website are approved, sponsored and/or endorsed by Plaintiff, or are in some way connected or affiliated with Plaintiff's.

29. Upon information and belief, and as detailed above, Defendant's violations of the Lanham Act have been and continue to be intentional, willful and without regard to Plaintiff's rights.

30. Upon information and belief, Defendant has gained profits by virtue of their infringing and unlawful conduct.

31. Upon information and belief, Plaintiff has sustained damages as a result of Defendant's violations of the Lanham Act, including a decline in sales, the erosion of its market share, the loss of goodwill, increased advertising expenses, brand confusion, and additional losses and damages.

32. Unless Defendant's conduct is enjoined, Defendant will continue to promote its products and services by unlawfully using the ROT trademark and intellectual property and/or other marks that are confusingly similar thereto in the United States and in this jurisdiction.

33. Plaintiff will continue to suffer irreparable harm unless Defendant is restrained from using the ROT trademark and intellectual property and/or other marks that are confusingly similar thereto.

34. Issuance of injunctive relief is justified by Defendant's conduct, is needed to avert irreparable harm, is justified by the balance of the equities, and is in the public interest.

35. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to an Order requiring Defendant to account for and disgorge any and all profits and other ill-gotten gains Defendant derived from its use of the ROT trademark and intellectual property and/or other marks that are confusingly similar thereto, and to an Order awarding all damages sustained by Plaintiff by reason of Defendant's conduct.

36. Defendant's actions have been willful, malicious, and fraudulent, with knowledge of the likelihood of deception, and with intent to deceive.

37. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover multiplied or enhanced damages.

38. For the reasons set forth herein, this is an "exceptional case" under 15 U.S.C. § 1117, and therefore Plaintiff is entitled to an award of attorneys' fees and costs.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN – LANHAM ACT
## 15 U.S.C. § 1125
## PLAINTIFF v. DEFENDANT

39. Plaintiff hereby incorporates by reference all paragraphs as though set forth fully at length herein.

40. As described above, Defendant's use of the term "Rush Order Tees" has caused and is likely to continue to cause confusion, mistake, and deception among the trade as to the source of Defendant's products and services, or as to a possible affiliation, connection or association between Plaintiff and Defendant in violation of the Lanham Act 15 U.S.C. § 1125.

41. The ongoing acts of Defendant constitute a false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125.

42. As a result of Defendant's wrongful conduct, Plaintiff has been irreparably harmed and is facing further imminent irreparable harm for which there is no adequate remedy at law.

43. Plaintiff will continue to suffer irreparable harm unless Defendant is restrained from using the terms "Rush Order Tees" and/or any confusingly similar variation thereof.

44. Issuance of injunctive relief is justified by Defendant's conduct, is needed to avert irreparable harm, is justified by the balance of the equities, and is in the public interest.

45. Pursuant to 15 U.S.C. § 1117 (a), Plaintiff is entitled to an Order requiring Defendant to account for and disgorge any and all profits and other ill-gotten gains Defendant derived from its use of term "Rush Order Tees" and/or any confusingly similar variation thereof, and to an Order awarding all damages sustained by Plaintiff by reason of Defendant's conduct.

46. Defendant's actions have been willful, malicious and fraudulent, with knowledge of the likelihood of deception, and with intent to deceive.

47. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover multiplied or enhanced damages.

48. For the reasons set forth herein, this is an "exceptional case" under 15 U.S.C. § 1117, and therefore Plaintiff is entitled to an award of attorneys' fees and costs.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT
## PLAINTIFF v. DEFENDANT

49. Plaintiff hereby incorporates by reference all paragraphs as though set forth fully at length herein.

50. The aforesaid conduct of Defendant constitutes trademark infringement under the common law of Pennsylvania.

51. Unless Defendant is enjoined, Defendant will continue to promote its products and

services by unlawfully using the ROT trademark and/or other terms that are confusingly similar thereto in the United States and in this jurisdiction.

52. Plaintiff will continue to suffer irreparable harm unless Defendant is restrained from using the ROT trademark and intellectual property, and/or other marks that are confusingly similar thereto.

53. Issuance of injunctive relief is justified by Defendant's conduct, is needed to avert irreparable harm, is justified by the balance of the equities, and is in the public interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) that Defendant be found to have willfully infringed Plaintiff's rights in and to the ROT trademark under 15 U.S.C. § 1114;

(b) that Defendant be found to have willfully engaged in false designation of origin and unfair competition with respect to its use of the term "Rush Order Tees" under 15 U.S.C. § 1125;

(c) that Defendant be found to have willfully engaged in false and misleading advertising under 15 U.S.C. § 1125;

(d) that Defendant be found to have willfully infringed Plaintiff's rights in and to the ROT trademark under the common law of Pennsylvania;

(e) that Defendant and all of those acting in concert with them, including its agents and servants, and all those on notice of this suit, be enjoined from: (i) marketing, promoting, distributing, selling or offering to sell any services or products under the ROT trademark, and/or other marks that are confusingly similar thereto, (ii) engaging in any activity constituting false advertising, and (iii) engaging in any activity constituting unfair competition with Plaintiff, or acts and practices that deceive the public and/or trade;

(f) that Defendant be required to take such other measures as the Court may deem appropriate to correct any confusion caused in the marketplace and to prevent the public and/or the trade from deriving the erroneous impression that the services and/or products offered by Defendant are affiliated with, sponsored by, authorized by, related to or associated in any way with Plaintiff;

(g) that Defendant be directed to account for and disgorge to Plaintiff all profits realized by Defendant as a result of their infringement, false designation of origin and unfair competition, and false advertising pursuant to 15 U.S.C. § 1117 and other applicable laws and statutes in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), but are believed to exceed half a million dollars ($500,000.00) and could potentially be as high as several million dollars;

(h) that Defendant be directed to pay Plaintiff for its damages arising from Defendant's conduct as detailed herein in an amount in excess of Seventy-Five Thousand Dollars ($75,000), but are believed to exceed half a million dollars ($500,000.00) and could potentially be as high as several million dollars;

(i) that Plaintiff be awarded treble damages and three times the amount of Defendant's illicit profits pursuant to 15 U.S.C. § 1117 and other applicable laws and statutes;

(j) that Defendant pay Plaintiff's reasonable attorneys' fees, costs, and expenses incurred in connection with this action pursuant to 15 U.S.C. § 1117 and 17 U.S.C § 505;

(k) that Plaintiff be awarded prejudgment and post judgment interest on any monetary award made part of the judgment against Defendant; and

(l) that Plaintiff be awarded such additional and further relief as the Court deems equitable, just, and proper.

|  |  |
|---|---|
| Dated: January 3, 2025 | Respectfully submitted,<br><br>By: _____<br>Anton Kaminsky, Esquire<br>KAMINSKY LAW, LLC<br>PA Atty. ID No. 322660<br>207 Buck Road, Suite 2<br>Southampton, PA 18966<br>Tel. (215) 876-0800<br>kaminsky.esq@gmail.com<br>*Attorney for Plaintiff* |